Shearer, J.
1. This court at a former term held a fraudulent vendee liable in an action by the administrator of a fraudulent vendor for the value of the property, where the title thereto had been transferred to an innocent purchaser. But can this be done in this case ?
No doubt, were Dunnick living, and not particeps criminis, he might elect between the right to recover the property, and to sue for its value. But where the vendor, or the equitable owner, is deceased, no such right exists in favor of his personal representative. The powers of administrators in respect to the sale of the decedent’s real estate, are derived solely from statutory enactment; and the mode of procedure for their execution is also regulated by statute. 49 Ohio St. 593.
We know of no authority under which an administrator may recover of the fraudulent vendee in possession the value of lands conveyed by an intestate with intent to defraud creditors. The mode of procedure in such case is pointed out in sections 6136, 6137, 6139 et seq. of the Revised Statutes. These provisions authorize,an administrator to commence a civil action to obtain authority to sell the real estate of the decedent for the payment of his debts, and to include in such proceeding real estate which such decedent may have conveyed with intent to defraud his creditors ; and this being the measure of his authority, he has no power to maintain an action for the value of such real estate.
*165 If this be so, it follows that the court erred in rendering a judgment in personam against Honey for the value of the land. The relief to which the administrator was entitled, if any, was an order setting aside the conveyance to Honey, and directing a sale of the property, the proceeds to be administered in the payment of the debts of the decedent according to law; and for an accounting as to the rents and profits up to the date of Bunnick’s death, and a judgment against Honey for the amount thus ascertained — which relief might have been granted, diregarding the demand for a personal judgment, under the prayer for “ all other proper orders and judgments in the premises.” The form of the prayer is not conclusive. Such relief as was warranted by the facts stated should have been given. 45 Ohio St. 363, 367.
2. Upon the trial the defendant was called as a witness in his own behalf to testify to facts occurring prior to the death of Hunnick. Objection was made to his testifying on the ground that, as the adverse party was an administrator, he was incompetent. The objection was sustained, and he was not permitted to testify, and. this is assigned for error.
Of course the general rule is that a party is not a competent witness to testify 'generally where the adverse party 'is an administrator of a deceased person. Rev. Stat., sec. 5242.
But an exception to this rule is found in the last paragraph of said section, which reads as follows : “ Nothing in this section contained shall apply to * * actions or proceedings involving the validity of a deed,” etc. And we think this case falls within the exception.
The action was brought by Hunnick’s administrator to recover the value of lands which had been fraudulently conveyed by Hunnick, or through his procurement, to Honey, with intent to defraud creditors; and the plaintiff’s success or failure in the action depended upon the validity or invalidity of the deed under which Honey claimed and held title. If it was valid — made in good faith, for a valuable consideration— *166 the plaintiff had no cause of action; if it was invalid, he was entitled to relief. There seems no escape from the conclusion that the action directly involved the validity of a deed. Murdock v. McNeely et al., 1 C. C. R. 16. This being so, Doney was a competent witness, and the court below erred in not permitting him to testify.
Lee and Marriott, for plaintiff in error.
Patterson, for defendant in error.
For error in rendering a personal judgment against Doney, and in holding that he was not a competent witness, the judgment will be reversed, and the cause remanded for a new trial.
Stjgwajrt, C. J., dissents from the third proposition of the syllabus, and from the judgment.